Baker v. Mode Millinery Co., 193 Ill. App. 507.

---

## Ruth Baker, Appellee, v. Mode Millinery Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915.

### Statement of the Case.

Ruth Baker recovered a judgment in the sum of five hundred dollars in an action of assumpsit against the Mode Millinery Company for breach of a contract of employment from which the defendant appeals.

The evidence showed that the appellee, who was an experienced manager of millinery stores, was employed by appellant as manager of its store in Bloomington, under a contract, made January 15, 1913, for

*See **Illinois Notes Digest, Vols. XI to XV,** and **Cumulative Quarterly,** same topic and section number.

one year, her employment to commence February 10, 1913. Appellee claimed she was to receive twenty-five dollars per week, while the appellant company contended that her employment was for fourteen weeks beginning February 10, 1913, provided that she "made good." That after appellee worked about three weeks she was told that as the business was not paying, she must discharge one of the clerks, which she refused to do as she had employed the clerk for the season ending in July, and rather than break her agreement with the girl, who was only receiving ten dollars a week, she agreed to pay her five dollars per week out of her own salary, to which the appellant agreed, and thereafter the appellee received twenty dollars a week until about July 12th, when she was told that expenses were too high and that during the dull season, which lasted from July 1st until about August 15th, her salary would have to be cut from twenty dollars to ten dollars a week; that she told appellant that she could not live on ten dollars a week, and the appellant said he would make it fifteen dollars a week until the busy season started about August 15th, and then he would make it twenty-five dollars a week until February 10, 1914; that appellee worked at fifteen dollars a week until about August 12th, when she was discharged under protest; she immediately tried to secure a similar position with several merchants in Bloomington, which she was unable to do at that season of the year, and she then went to Chicago where she also failed to secure employment, and finally returned to Bloomington and accepted a position as a clerk in the millinery department of another store at a salary of fifteen dollars a week for ten weeks; that the one hundred and fifty dollars thus received for the ten weeks was all that she was able to earn from the time she was discharged to February 10, 1914; that in seeking this employment she was put to an expense of twenty-five dollars.

The original declaration consisted of the common counts, with which was filed an affidavit of the amount due, stating that the amount sued for was for wages and damages due the appellee from appellant from August 19, 1913, to February 10, 1914. During the trial appellant made a motion to exclude all the testimony introduced by appellee concerning the original contract made on January 15, 1913, on the ground that it was void under the Statute of Frauds, which motion the court sustained. By leave of court appellee filed an additional special count, which was based upon the agreement made by appellee and appellant on July 12th, by which appellee was to receive fifteen dollars per week from that time until August 15th, when she was to receive twenty-five dollars a week until February 10, 1914, when appellant's motion for a continuance on the ground of a surprise was overruled.

LIGHT & LIGHT, for appellant.

DeMANGE, GILLESPIE & DeMANGE, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. CONTINUANCE, § 7*—*when continuance denied on amendment of pleadings.* Where on sustaining a motion to strike out the plaintiff's evidence as to a contract of hiring, because within the Statute of Frauds, he was permitted to file a special count alleging a special agreement not within the statute, a continuance on the ground of surprise was properly denied the defendant, where the cause of action set up in the special count was identical with that disclosed by the affidavit which accompanied the original declaration.

2. FRAUDS, STATUTE OF, § 86a*—*modification of contract within.* Where a contract of hiring is within the Statute of Frauds, there may be a recovery on a substituted agreement not within the statute, made on the abandonment of the original contract.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. DAMAGES, § 66*—*when expense of seeking other employment recoverable in action for breach of contract of hiring.* An experienced manager of millinery stores, when wrongfully discharged before the expiration of a contract of hiring, may in an action for the breach of the contract recover money expended in seeking similar employment elsewhere.